DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Wood County Court of Common Pleas which granted summary judgment to appellee, Motorists Mutual Insurance Company ("Motorists"), in this dispute concerning underinsured motorist ("UIM") coverage pursuant to Scott-Pontzer v. Liberty Mut. FireIns. Co. (1999), 85 Ohio St.3d 660. For the reasons stated herein, this court affirms the judgment of the trial court.
The following facts are relevant to this appeal. Appellant, Jay Instone, was injured in a motor vehicle collision on March 29, 1999. On March 23, 2001, appellant filed a complaint[1] which set forth a UIM claim pursuant to Scott-Pontzer, supra, and a bad faith claim against Motorists under a policy issued to North Baltimore Convenience Station, Inc. ("North Baltimore"). At the time of the accident, appellant was employed by North Baltimore.
On May 21, 2001, Motorists filed a motion for summary judgment. In its motion, Motorists argued that because the insurance policy at issue was a business policy consisting of coverages labeled "Business Owners Coverage" and "Liquor Liability Coverage" and did not list, schedule or specifically identify any motor vehicles, it was not an "automobile liability or motor vehicle liability policy of insurance" within the meaning of R.C. 3937.18(L)(1). Therefore, because the policy at issue was not an "automobile liability or motor vehicle liability policy of insurance" within the meaning of 3937.18(L)(1), it was not required to offer or provide UM/UIM coverages and, thus, the denial of appellant's UIM claims under the policy at issue was not in bad faith.
On May 29, 2001, appellant filed a motion for partial summary judgment against Motorists and opposed the summary judgment motion filed by Motorists. On August 30, 2001, the trial court granted summary judgment to Motorists. The trial court denied appellant's motion for partial summary judgment. Appellant filed a timely notice of appeal.
Appellant sets forth the following assignment of error:
"ASSIGNMENT OF ERROR NO. 1
 "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE APPELLEE AS THE MOTORISTS POLICY IS AN AUTOMOBILE LIABILITY POLICY FOR THE PURPOSES OF R.C. SEC. 3937.18."
Appellant's assignment of error is found not well-taken on the authority of this court's decision in Burkholder v. German Mutual Ins.Co. (Mar. 15, 2001), Lucas App. No. L-01-1413, unreported. The judgment of the Wood County Court of Common Pleas is affirmed. Costs assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.
[1] In his complaint, appellant also asserted a claim against the tortfeasor. Appellant's wife also asserted a loss of consortium claim. For simplicity we shall refer to appellant in the singular.